DocuSign Envelope ID: 13DA780C-E084-4296-AD63-C47A3D2B5C0B

McCANN & WALL, LLC
DAMARIS L. GARCIA, ID No.: 92052
Two Penn Center Plaza, Suite 1110
1500 John F. Kennedy Boulevard
Philadelphia, PA  19102
(215) 569-8488
(215) 569-8288 (fax)

ATTORNEYS FOR PLAINTIFF

MAJOR JURY

*Filed and Attested by the Office of Judicial Records 17 MAY 2021 10:01 am A. STAMATO*

| | |
|---|---|
| REBECCA CIMBAT<br>17 Deep Dale Drive East<br>Levittown, PA 19056<br><br>            Plaintiff<br>    v.<br><br>OLD NAVY<br>140 Commerce Blvd.<br>Fairless Hills, PA 19030<br>       AND<br>OLD NAVY, INC<br>140 Commerce Blvd.<br>Fairless Hills, PA 1930<br>       AND<br>GAP, INC.<br>2 Folsom St., 13th Fl.<br>San Francisco, CA 34105<br>       AND<br>IKEA L. LYNCH<br>130 Bayard Street, Apt 3<br>Trenton, NJ 08611<br>            Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CIVIL DIVISION<br><br>CIVIL ACTION - LAW<br><br>NO.:  201002244 |

Case ID: 201002244

# COMPLAINT

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrite sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará mdidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SINO TIENE EL DI-NERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUDE CONSEGUIR ASISTENCIA LEGAL. |
| **PHILADELPHIA BAR ASSOCIATION**<br>**LAWYER REFERRAL AND INFORMATION**<br>**SERVICE**<br>**ONE READING CENTER**<br>**PHILADELPHIA, PA 19107**<br>**TELEPHONE: (215) 238-6333** | **ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**<br>**SERVICIO DE REFERENCIA E INFORMACIÓN**<br>**LEGAL**<br>**ONE READING CENTER**<br>**FILADELFIA, PA 19107**<br>**TELÉFONO: (215) 238-6333** |

Case ID: 201002244

| | |
|---|---|
| McCANN & WALL, LLC | |
| DAMARIS L. GARCIA, ID No.: 92052 | ATTORNEYS FOR PLAINTIFF |
| Two Penn Center Plaza, Suite 1110 | |
| 1500 John F. Kennedy Boulevard | |
| Philadelphia, PA  19102 | MAJOR JURY |
| (215) 569-8488 | |
| (215) 569-8288 (fax) | |

| | |
|---|---|
| REBECCA CIMBAT | COURT OF COMMON PLEAS |
| 17 Deep Dale Drive East | PHILADELPHIA COUNTY |
| Levittown, PA 19056 | |
|           Plaintiff | CIVIL DIVISION |
| v. | |
| | CIVIL ACTION - LAW |
| OLD NAVY | |
| 140 Commerce Blvd. | NO:  201002244 |
| Fairless Hills, PA 19030 | |
|     AND | |
| OLD NAVY, INC | |
| 140 Commerce Blvd. | |
| Fairless Hills, PA 1930 | |
|     AND | |
| GAP, INC. | |
| 2 Folsom St., 13th Fl. | |
| San Francisco, CA 34105 | |
|     AND | |
| IKEA L. LYNCH | |
| 130 Bayard Street, Apt 3 | |
| Trenton, NJ 08611 | |
|           Defendants | |

## COMPLAINT

1. Plaintiff, Rebecca Cimbat, is an individual and citizen of the Commonwealth of Pennsylvania, residing therein at the address stated in the above caption.

2. Defendant, Old Navy, is alleged and therefore averred to be a corporation, partnership, limited liability company, and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, with its principal place of business located at 140 Commerce Blvd., Fairless Hills, Pennsylvania.

2

Case ID: 201002244

3. Defendant, Old Navy, Inc., is alleged and therefore averred to be a corporation, partnership, limited liability company, and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, with its principal place of business located at 140 Commerce Blvd., Fairless Hills, Pennsylvania.

4. Defendant, Gap, Inc., is alleged and therefore averred to be a corporation, partnership, limited liability company, and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, with its principal place of business located at 2 Folsom Street, 13th Floor, San Francisco, California 34105.

5. Defendant, Ikea L. Lynch, is an individual and citizen of the State of New Jersey, residing therein at the address stated in the above caption.

6. At all times material hereto, Defendants Old Navy and Gap regularly and systematically conducted business in Philadelphia County.

7. At all times material hereto, the Defendants Old Navy and Gap were acting through their agents, servants and/or employees within the course and scope of their employment, and the doctrine of Respondeat Superior invoked herein.

8. At all times material hereto, defendants were acting as the agents, servants, workmen and/or employees of all other named defendants.

9. On or about October 31, 2018, at approximately 11:00 a.m., Plaintiff was a lawful business invitee at the Old Navy store located at 140 Commerce Drive in Fairless Hills, Pennsylvania (hereinafter "the subject location") when Defendant Ikea L. Lynch intentionally, recklessly, negligently, and/or carelessly attacked and assaulted Plaintiff resulting in serious and permanent personal injuries more fully explained herein.

10. At all times material hereto, the Defendants Old Navy and Gap, by and through their agents, servants and/or employees at the subject location, had a duty to use reasonable care to find out if Plaintiff was being harmed or was likely to be harmed by Defendant Lynch.

11. At all times material hereto, the Defendants Old Navy and Gap, by and through their agents, servants and/or employees at the subject location, had a duty to warn and/or to protect Plaintiff of Defendant Lynch's propensity to become aggressive and/or violent.

12. At all times material hereto, the Defendants Old Navy and Gap, by and through their agents, servants and/or employees at the subject location had firsthand knowledge that Defendant Lynch was a known shoplifter and had a propensity to become aggressive and/or violent.

13. Upon information and belief, despite such knowledge, the Defendants Old Navy and Gap, by and through their agents, servants and/or employees at the subject location, did not undertake any measures prior to the date of the incident at issue in this Complaint to make the subject premises safe.

14. Upon information and belief, the Defendants Old Navy and Gap, by and through their agents, servants and/or employees at the subject location undertook a duty to provide a safe environment and protect their business invitees from harm and injury in order to provide business invitees, such as the Plaintiff, with a safe environment.

15. Upon information and belief, the Defendants Old Navy and Gap, by and through their agents, servants and/or employees at the subject location failed to undertake this duty to protect their business invitees from harm and injury with reasonable care, resulting in Plaintiff's injuries.

16. Had the Defendants Old Navy and Gap exercised reasonable care in the protection of their business invitees, such as Plaintiff, Plaintiff would not have sustained the injuries and damages as set forth herein.

17. Defendants Old Navy and Gap's failure to carry out their duties to protect their business invitees, such as the Plaintiff, increased the risk that Plaintiff would be harmed or injured.

18. At all times material hereto, the Defendants Old Navy and Gap, by and through their agents, servants and/or employees at the subject location were at all times responsible for the maintenance, control, safety and security of the subject premises.

19. At all times material hereto, Defendants, Old Navy and Gap's conscious disregard for the safety of their business invitees, such as Plaintiff, constitutes willful and/or wanton misconduct amounting to a total disregard for the health, safety and welfare of the Plaintiff.

20. At all times material hereto, the Defendants, Old Navy and Gap, are vicariously liable for the negligent, harmful, dangerous, reckless, willful, and outrageous conduct of its agents, ostensible agents, servants, workmen, employees and/or representatives towards Plaintiff at the subject premises

21. All Defendants are jointly and/or severally liable to the Plaintiff.

## COUNT I - NEGLIGENCE

### *REBECCA CIMBAT v. OLD NAVY, OLD NAVY, INC. AND GAP, INC.*

22. Plaintiff incorporates the previous paragraphs of this pleading by reference.

23. On October 31, 2018, Plaintiff was a lawful business invitee at the Old Navy store located at 140 Commerce Drive in Fairless Hills, Pennsylvania.

24. At all times material hereto, the Defendants, Old Navy and Gap owned, operated, managed and/or controlled the aforementioned Old Navy store located at 140 Commerce Drive in

Fairless Hills, Pennsylvania and were under a duty to do so with reasonable care in a non-negligent manner to protect its business invitees on its premises from dangerous and hazardous conditions and failed to fulfill that duty.

25. At all times material hereto, the negligent, harmful, dangerous, reckless, willful, and outrageous conduct of the Defendants Old Navy and Gap, individually and/or by and through its agents, servants, workmen, representatives, and/or employees, consisted of the following:

   a. failure to provide a safe environment for its business invitees;

   b. failure to provide and maintain a safe and secure premises through an effective and properly executed security program based on their actual and/or constructive knowledge of the continuous and regular pattern of Defendant Lynch's prior criminal activity and propensity for aggression and violence;

   c. failure to provide and maintain secure ingress and egress into the subject location;

   d. failure to provide reasonable and necessary security safeguards to deter and/or prevent criminal acts or actors from entering the subject location;

   e. failure to properly and regularly provide safety and security inspections of the subject location to prevent criminal acts or actors such as Defendant Lynch from entering;

   f. failure to warn business invitees such as the Plaintiff of potential risk of harm by criminal assailants such as Defendant Lynch;

   g. failure to provide and maintain properly trained, competent security personnel to regularly monitor the premises, including areas of ingress and egress of the subject location;

   h. failure to inspect and supervise existing security measures and personnel and to ensure that such measures were properly performed to deter and/or prevent criminal actors from entering and moving within and about the subject location; and

   i. failure to improve security measures and protocols that Defendants, Old Navy and Gap knew or in the exercise of reasonable care should have known were inadequate and/or ineffective and/or inefficiently performed or executed.

26. Defendants, Old Navy and Gap acts and/or omissions set forth above constitute a failure to exercise reasonable and ordinary care under the circumstances presented.

27. As a direct and proximate result of Defendants, Old Navy and Gap's negligent, harmful, dangerous, reckless, willful, and outrageous conduct, as set forth above, Plaintiff has suffered various physical injuries, including but not limited to injuries to the head, face, eyes, neck, back and body.

28. As a direct and proximate result of Defendants, Old Navy and Gap's negligent, harmful, dangerous, reckless, willful, and outrageous conduct, as set forth above, Plaintiff has suffered various psychological and emotional injuries, including but not limited to anxiety, post-traumatic stress disorder, and depression.

29. As a direct and proximate result of the negligent, harmful, dangerous, reckless, willful, and outrageous conduct of the Defendants, Old Navy and Gap, Plaintiff has been required to undergo medical treatment to affect a cure for the injuries sustained and may continue to require medical care and/or treatment in the future.

30. As a direct and proximate result of the negligent, harmful, dangerous, reckless, willful, and outrageous conduct of the Defendants, Old Navy and Gap, Plaintiff has been compelled to expend money for medicine and medical care and may be required to expend additional money for the same purposes in the future.

31. As a direct and proximate result of the negligent, harmful, dangerous, reckless, willful, and outrageous conduct of the Defendants Old Navy and Gap, Plaintiff has in the past, and may, in the future, suffer an inability to perform her usual and daily duties, labors and avocations and has suffered wage loss and impaired earning capacity.

Case ID: 201002244

32. As a direct and proximate result of the negligent, harmful, dangerous, reckless, willful, and outrageous conduct of the Defendants Old Navy and Gap, Plaintiff has suffered, and may continue to suffer in the future, great physical pain, discomfort, trauma, humiliation, anxiety, and/or mental anguish.

33. As a direct and proximate result of the negligent, harmful, dangerous, reckless, willful, and outrageous conduct of the Defendants, Old Navy and Gap, Plaintiff has incurred medical expenses and other financial losses.

**WHEREFORE,** Plaintiff, Rebecca Cimbat, claims of the Defendants, individually, jointly and/or severally, compensatory and punitive damages in excess of Fifty Thousand ($50,000) Dollars, exclusive of costs and interests and other damages to be awarded by this Court.

## COUNT II – ASSAULT AND BATTERY

### *PLAINTIFF, REBECCA CIMBAT v. DEFENDANT, IKEA L. LYNCH*

34. Plaintiff incorporates the previous paragraphs of this pleading by reference.

35. On said date, time, and location, Defendant Lynch did commit upon Plaintiff an assault and battery through the intentional and unpermitted touching of Plaintiff as heretofore described.

36. As a proximate consequence of the conduct by Defendant Lynch, Plaintiff has incurred compensatory damages, including but not limited to physical and mental pain and suffering, medical and psychological expenses and diminished enjoyment of life and will continue to suffer such compensatory damages in the future.

37. The conduct of Defendant Lynch was willful and wanton and Plaintiff is entitled to an award of punitive damages.

**WHEREFORE,** Plaintiff, Rebecca Cimbat, claims of the Defendants, individually, jointly and/or severally, compensatory and punitive damages in excess of Fifty Thousand ($50,000) Dollars, exclusive of costs and interests and other damages to be awarded by this Court.

### COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### or in the alternative Negligent Infliction of Emotion Distress

### *REBECCA CIMBAT v. DEFENDANTS*

38. Plaintiff incorporates the previous paragraphs of this pleading by reference.

39. The conduct of the Defendant Lynch, as aforesaid, was malicious, willful, wanton, reckless and in deliberate violation of the Plaintiff's civil and constitutional rights and caused the Plaintiff to suffer from emotional distress as a result of said conduct.

40. Defendant either intended, or acted in deliberate disregard of a high degree of probability, that Plaintiff would suffer emotional distress as a result of Defendant Lynch aforesaid conduct.

41. The conduct of Defendant Lynch, as aforesaid, was extreme and outrageous, going beyond all possible bounds of decency to be regarded as atrocious and utterly intolerable in a civilized community.

42. As a direct and proximate result of the Defendants aforesaid conduct, Plaintiff has suffered emotional distress and mental harm such that no reasonable person could be expected to endure.

43. As a direct and proximate result of this intentional infliction of emotional distress, as aforesaid, the Plaintiff has suffered damages, both emotional and physical.

**WHEREFORE,** Plaintiff, Rebecca Cimbat, claims of the Defendants, individually, jointly and/or severally, compensatory and punitive damages in excess of Fifty Thousand ($50,000) Dollars, exclusive of costs and interests and other damages to be awarded by this Court.

|  |  | McCANN & WALL, LLC |
|---|---|---|
| Dated: May 10, 2021 | BY: | */s/Damaris L. Garcia* |
|  |  | DAMARIS L. GARCIA |
|  |  | Counsel for Plaintiff |

10

Case ID: 201002244

## VERIFICATION

I, **REBECCA CIMBAT**, hereby verify that I am the Plaintiff in this action; and have read the foregoing **Complaint** and the statements made therein are true and correct to the best of my knowledge, information and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

DocuSigned by:

*Rebecca Cimbat*

24F7890FDDD44CD...

**REBECCA CIMBAT**


DATED: 5/10/2021

Case ID: 201002244